WINNIE PIPELINE V. HARRINGTON



NO. 07-04-0545-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



APRIL 5, 2005



______________________________




ANGELITA E. ORTIZ, Individually and as Representative of the


Estate of JOSE FABIAN ORTIZ, Deceased, and as Next Friend


of RONNIE JAY ORTIZ and JOSE FABIAN ORTIZ, JR., Minors,


and ZOILA P. ORTIZ and STEPHANIE ORTIZ as Next Kin of


JOSE FABIAN ORTIZ, DECEASED,



 Appellants


V.



SERVICE GIN, INC.,



 Appellee

 

_________________________________



FROM THE 242nd DISTRICT COURT OF HALE COUNTY;



NO. B-33181-0313; HON. ED SELF, PRESIDING



_______________________________



On Motion to Dismiss



_______________________________



Before QUINN, REAVIS and CAMPBELL, JJ.

 Angelita E. Ortiz, Individually and as Representative of the Estate of Jose Fabian
Ortiz, Deceased, and as Next Friend of Ronnie Jay Ortiz and Jose Fabian Ortiz, Jr., Minors,
and Zoila P. Ortiz and Stephanie Ortiz as Next Kin of Jose Fabian Ortiz, Deceased,
appellants, and Service Gin, Inc., appellee, by and through their attorneys, have filed a
motion to dismiss this appeal because the parties have fully compromised and settled all
issues in dispute and neither desire to pursue the appeal. Without passing on the merits of
the case, we grant the motion to dismiss pursuant to Texas Rule of Appellate Procedure
42.1(a)(2) and dismiss the appeal. Having dismissed the appeal at appellants' request, no
motion for rehearing will be entertained, and our mandate will issue forthwith. 

 Brian Quinn

 Justice



pan style="font-weight: bold">ABATEMENT AND REMAND
          Following a plea of not guilty, a jury convicted appellant Joey Nickolas Vallejo of
possession of a controlled substance, methamphetamine, of four grams or more but less
than 200 grams. The jury assessed punishment at 16 years confinement in the
Institutional Division of the Texas Department of Criminal Justice. Appellant timely filed
a notice of appeal. The reporter's record, clerk's record, and supplemental volumes of the
clerk’s record were filed. Appellant's brief was due for filing on November 28, 2007, but
neither his brief nor a motion for extension for time were filed. 
          By letter dated December 7, 2007, this Court notified appellant's appointed counsel
of this failure and also explained that if no response was received by December 17, 2007,
the appeal would be abated pursuant to Rule 38.8(b) of the Texas Rules of Appellate
Procedure. We received no response and therefore abate the appeal and remand the
case to the trial court for further proceedings.
          On remand, the trial court shall conduct the hearing required by Rule 38.8(b)(2) and
(3) to determine: 
1. Whether appellant desires to prosecute the appeal; and 

2. If so, whether appellant's present counsel, given his failure to file a brief,
will pursue the appeal or, if appellant is indigent, the appointment of new
counsel is necessary.
 
          Should the trial court determine appellant desires to continue the appeal, is indigent,
and that new counsel should be appointed, it shall appoint new counsel to represent
appellant for this appeal. Should the trial court appoint new counsel, its order of
appointment shall include newly appointed counsel’s name, address, telephone number,
and state bar number. 
          The trial court shall execute all orders necessary regarding the aforementioned
issues. If necessary, it shall execute findings of fact and conclusions of law. The trial court
shall include its findings, conclusions, and orders, in a supplemental clerk's record. A
supplemental reporter's record of the hearing of matters made the subject of this opinion
shall also be included in the appellate record. Finally, the trial court shall file the
supplemental clerk's record and the supplemental reporter's record with the Clerk of this
Court by February 11, 2008.
It is so ordered.

Per Curiam
 
 
Do not publish.